IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD SULLIVAN BENAVENTE, § § § |  |
| Petitioner, § |  |
| § |  |
| v. § | No. 3:23-cv-1964-K (BT) |
| § |  |
| C. RIVERS, § § § |  |
| Respondent. § |  |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* federal prisoner Richard Sullivan Benavente filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petition (ECF No. 3). For the following reasons, the Court should dismiss the petition for lack of jurisdiction.

**Background**

Benavente pleaded guilty to sexual exploitation of a child on Saipan, in the Northern Mariana Islands, in violation of 18 U.S.C. § 2251(a). *See* Gov. Appendix to Response Brief at 8 (ECF No. 10). In 2016, the United States District Court for the District of Northern Mariana Islands sentenced Benavente to 360 months' imprisonment. *Id.* at 19. The Ninth Circuit affirmed Benavente's conviction and sentence. *Id.* at 25-26. Benavente moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but the United States District Court for the District of Northern Mariana Islands denied that motion in 2018. *Id.* at 33-35.

In August 2023, Benavente, while incarcerated at FCI Seagoville, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. He filed an amended petition a few months later, which is the operative pleading. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (an amended complaint, or petition, generally supersedes the original). He challenges the legality of his conviction and sentence, not the way it is being carried out. Specifically, he alleges that: (1) his attorney in his underlying criminal proceedings was ineffective for failing to seek the recusal of the trial judge, who was related to Benavente; (2) the trial judge should have recused himself from Benavente's case because he was related to him; and (3) the Justice Department is "culpably negligent" in accepting the trial court's unlawful sentence. *Id.* at 5-6.

The Government responded to Benavente's petition. Response (ECF No. 9). Benavente did not file a reply.

**Legal Standards**

A reviewing court must first determine whether the petitioner properly raised a claim in a § 2241 petition. If the Court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Cabello v. United States,* 2024 WL 2064082, at *3 (W.D. Tex. May 8, 2024) (citing Rules 1 and 4 of the Rules Governing § 2254 cases), *aff'd*, 2024 WL 4614718 (5th Cir. Oct. 30, 2024)(per curiam).

A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusoff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

B. 28 U.S.C. § 2255

"By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 'provides the primary means for collateral attack on a federal sentence.'" *Cabello*, 2024 WL 2064082, at *3 (quoting *Pack*, 218 F.3d at 451) (further citations omitted). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox v. Warden*, 911 F.2d 1111, 1114 (5th Cir. 1990). A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 451.

C. Savings Clause

Accordingly, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Cabello*, 2024 WL 2064082, at *3 (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A federal

3

prisoner may raise claims challenging his conviction or sentence in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court noted that § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

(1)  Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)  A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones,* 599 U.S. at 476 (quoting 28 U.S.C. § 2255(h)). The Court explained that, as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—"[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it all." *Id.* at 480.

"When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction." *Cabello,*

4

2024 WL 2064082, at *4 (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

## Analysis

Benavente attacks his conviction and sentence, seeking the dismissal of his charges and a new sentencing hearing based on alleged constitutional violations in the underlying criminal proceedings. *See generally* Amend. Pet.

As noted, a § 2255 motion, and not a § 2241 petition, "provides the primary means of collateral attack on a federal sentence." *Pack*, 218 F.3d at 451. "Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention." *Cabello*, 2024 WL 2064082, at *4 (citing 28 U.S.C. § 2255(e)). "But a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law." *Id.*, at *4 (citing *Jones*, 599 U.S. at 469).

Benavente does not present any new evidence; nor does he rely on a new rule of constitutional law. He presents routine ineffective assistance of counsel and judicial bias claims. His inability to meet either of § 2255(h)'s second or successive requirements means that he cannot bring his claims under § 2241, and the Court should dismiss the amended petition for lack of jurisdiction. *Jones*, 599 U.S. at 479; *see also Cabello*, 2024 WL 2064082, at *4.

## Recommendation

The Court should dismiss petitioner Richard Sullivan Benavente's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice for lack of jurisdiction.

SO RECOMMENDED.

March 6, 2025.

                                            REBECCA RUTHERFORD
                                            UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).